## POINDEXTER v. DAVIS et al.
### No. 1196—5543.

Commission of Appeals of Texas, Section B.

May 7, 1930.

P. O. French, of Fairfield, for plaintiff in error.

R. L. Williford, of Fairfield, and James E. Gresham, of Mexia, for defendants in error.

RYAN, J.

Joseph Nussbaum, Julius Nussbaum, and J. Desenberg, constituting the partnership firm of Nussbaum & Co., on or about November 1, 1911, conveyed to Owen W. Davis, 108 and a fraction acres of land out of the J. F. McGuffin survey in Freestone county, part of the consideration therefor being nine promissory vendor's lien notes, each for $244.45, payable in annual installments on November 1 of each year thereafter. On October 30, 1918, the balance then due amounting to $1,711.15 was extended by the execution of seven new vendor's lien notes, each for $244.45, payable annually thereafter. These notes were all payable to Nussbaum & Co. or the individual members of that firm.

On September 18, 1918, Owen W. Davis and his wife conveyed to their son, David A. Davis, 43 and a fraction acres of the above 108-acre tract, part of the consideration therefor being six vendor's lien notes, each for $174.48, payable in annual installments thereafter, on November 1 of each year, to the order of O. W. Davis, who indorsed them over to Nussbaum & Co. as additional security for his original indebtedness to them, with the understanding that, as David Davis made payments

on said last-named notes, such payments should be credited on the indebtedness of O. W. Davis to them.

On October 26, 1923, plaintiff in error wrote the following letter to Mr. Nussbaum, viz.:

"Dear Sir: David Davis desires that I take up certain land notes you hold against his land.

"Will you be good enough to advise me the amount of his notes? Also the status of same. If I understand the matter you sold the land to his father, and he in turn bought from his father and you hold against not only David's part, but also that of his father.

"Can this be segregated by you releasing David's part and let that stand for itself.

"I will be very glad to take up the notes if not too much to help the negro out, but cannot exactly understand the situation from negro.

"Will be glad to hear from you.

"Yours Very Truly

"T. B. Poindexter,"

—which was replied to under date of October 29, 1923, as follows:

"Mr. T. B. Poindexter, Wortham, Texas.

"Dear Sir: Replying to your letter 26th in regard to the debt owing us by David Davis:

"Davis was in to see us last week and said that you had told him you would take up his land notes for him and we have agreed to hold the matter open for you a few days and see what he can do. The status of this matter is as follows:

"Several years ago, we sold to David's father, Owen Davis, a part of the old R. Anderson home on the McGuffin Survey consisting of about 109 acres. In 1918, Owen Davis sold to David Davis 43.23 acres out of that tract. In part payment for this land David Davis gave to Owen Davis his six vendor's lien notes of $174.48 each with interest thereon from September 18, 1918, until paid at 8%. David Davis has since paid three of these notes, leaving three unpaid amounting to $523.44 and there is due on these three notes interest amounting to $166.21 to November 1st, 1923. We hold these David Davis notes endorsed to us as additional security from Owen Davis and as David Davis makes payments, Owen Davis gets credit on his notes for the amount.

"We have agreed with David Davis, that if his notes and interest are paid at this time, we will release the Owen Davis Lien so far as same affects his 43.23 acres. If you pay off the David Davis notes and the interest we will transfer our Lien on his 43.23 acres to you and relieve Owen Davis of the lien we hold against him insofar as same affects the 43.23 acres, provided, of course, that the David Davis money is paid to us. The Owen Davis debt is past due and we have told him that arrangements must be made at once to take care of his notes, so that this proposition to

David Davis will stand open for a few days only.

"We have shown Owen every consideration and have given him every accommodation in reason. The property is worth more than the debt and we are of the opinion that if we are forced to foreclose or have Owen reconvey, that we can get our money out of the land without any trouble.

"We left this matter open last fall for David Davis after he told us you had agreed to take up his notes, but we cannot do this again.

"If you decide to take over these notes, we shall be glad to hear from you at once.

"Thanking you,

"Yours very truly,

"Joseph Nussbaum & Company."

Relying on the statements in said letter from Nussbaum & Co. to him, Mr. Poindexter, some time during November, 1923, caused to be remitted to them the amounts due on said notes Nos. 4, 5, and 6, and they executed and delivered to him (the recited consideration being $689.65) an assignment of said notes, the vendor's lien securing the same, and all interest in the 43-acre tract for which they were given in part payment. At the same time they also executed and delivered to Poindexter a full release of their original vendor's lien reserved on the 108-acre tract in so far as it covered the 43-acre tract sold by O. W. Davis to David Davis—the lien as to remainder of said original 108-acre tract being reserved and continued.

The effect of these transactions—as between Nussbaum & Co., W. O. and David Davis, and Poindexter—was to place full legal title to the 43-acre tract in David Davis subject to the vendor's lien assigned to and owned by Poindexter, represented by the three notes Nos. 4, 5, and 6, if the remaining notes Nos. 1, 2, and 3 had been paid, as the Nussbaums in their letter to Poindexter stated was the case, and on the truth of which he relied.

Afterwards, still believing that he had the first lien on the 43-acre tract, Poindexter furnished to David Davis lumber and other building material to the value of $320, to be used by the latter in the erection of a house for himself and family to live in on the 43-acre tract, for which Davis gave his promissory note and secured it by a materialman's lien, both dated January 14, 1924, due April 1, 1924, executed by David Davis and his wife.

Unknown to Poindexter, David Davis and wife had on February 12, 1919, borrowed $555 from the Federal Land Bank of Houston, secured by deed of trust to M. H. Gossett, trustee, on the 43-acre tract, and at that time O. W. Davis assigned to said bank notes Nos. 1, 2, and 3, dated September 18, 1918, given by David Davis to O. W. Davis, "also a part of note No. 4 of said series of notes, due November 1, 1922." Said assignment recites that said notes were given by David A. Davis in

part payment of the purchase money for 43.23 acres of land in Freestone county, Tex., described in the deed from O. W. Davis and wife to David Davis as the same appears of record at volume 52, page 393, Deed Records of that county, to which reference was made for more particular description of the land and notes; it was further recited therein that the notes so assigned and the note given by David Davis to said bank, for the sum of $550, and the lien securing same, shall remain a first and superior lien against said 43.23-acre tract, and the remainder of said series of notes of which the assigned notes constitute a part, and the lien securing same, shall become a second and inferior lien to that held by said bank.

Nussbaum & Co. received the full proceeds of the loan from the Federal Land Bank; the bank's check was payable to O. W. Davis, indorsed by him and David Davis, and by them turned over to Nussbaum & Co., who credited such proceeds on the indebtedness and notes of O. W. Davis to them.

Poindexter did not learn of the Federal Land Bank's claim until 1925 or 1926, when he heard that a suit for taxes had been filed, and "came over to pay them," when he discovered that the Land Bank had just paid such taxes and was a lienholder. He then filed this suit, on October 29, 1926, against David Davis and wife, O. W. Davis, the Federal Land Bank at Houston, and the individual members of the firm of Nussbaum & Co., praying judgment: (1) Against O. W. Davis, David Davis, and said members of said firm, for principal, interest, and attorney's fees due on said notes Nos. 4, 5, and 6, and foreclosure of vendor's lien thereon; (2) against David Davis and wife for principal, interest, and attorneys' fees due on said materialman's lien note and foreclosure of that lien; (3) that said claims be decreed as prior and superior liens to that of the Federal Land Bank; (4) in the event that the Federal Land Bank's lien be held superior to plaintiff's materialman's lien, then that said last-named lien be foreclosed as against the house and building erected on said land, that said house and building be removed and sold separately therefrom and applied upon the payment of said materialman's lien; and (5) in the alternative, should said members of the firm of Nussbaum & Co. not be held liable as indorsers of said notes Nos. 4, 5, and 6, then that they be held liable as upon allegations of fraud, contained in the petition, for the sum of $689.65, with interest from November 1, 1923.

The trial court, a jury having been waived, rendered judgment refusing any recovery against the members of the firm of Nussbaum & Co., decreeing the first and superior lien on the 43 acres in question to be in the Federal Land Bank as security for said notes Nos. 1, 2, and 3 executed by David Davis to the order

of O. W. Davis and by him assigned to said bank, and that Poindexter's lien to secure notes Nos. 4, 5, and 6 is secondary thereto; alsq that Poindexter's materialman's lien upon the dwelling house is superior to and entitled to preference against the vendor's lien held by the Land Bank in so far as the same pertains to said dwelling house, and that he is entitled to foreclosuré against it, to be sold separately and removed from the premises. Judgment was also rendered for Poindexter against David and O. W. Davis for the principal, interest, and attorney's fees due on said notes Nos. 4, 5, and 6, and foreclosure of his lien on said 43-acre tract, subject, however, to the Federal Land Bank's prior and superior lien. •

The trial court found as a fact that Nussbaum & Co. committed no fraud or misrepresentations in their transaction with Poindexter, that neither they nor he had any actual notice or knowledge of the transaction O. W. Davis had with the Federal Land Bank, and concluded as a matter of law that the defendants Nussbaum & Co. are in no manner liable for the payment of said notes.

Appeal to the Court of Civil Appeals was had by Poindexter, complaint being only against that portion of the judgment which refused any recovery against Nussbaum & Co.; the Court of Civil Appeals affirmed the judgment below, seemingly on the theory that, because the lower court found that Nussbaum & Co. were innocent of any knowledge that notes Nos. 1, 2, and 3 had been assigned to the Federal Land Bank, and were still in effect, at the time of their transaction with Poindexter, they were not liable, notwithstanding his reliance on their letter to him, to the effect that said notes had been paid, and only notes Nos. 4, 5, and 6 (assigned by them to him) were outstanding.

The application for writ of error by proper specifications complains of the affirmance by the Court of Civil Appeals on substantially two grounds: (1) That there was no evidence to sustain the trial court's judgment and findings of fact that Nussbaum & Company were innocent of such knowledge; (2) that their misrepresentation of the facts made to Poindexter, relied and acted upon by him, constituted legal fraud, and rendered them liable therefor, notwithstanding they believed such representations to be true, and were to that extent innocent of any actual intention to defraud.

### Opinion.

◼ It is well settled in this state that material misrepresentations, though innocently made, relied and acted on by the party to whom made, constitute legal fraud. Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900; Labbe v. Corbett, 69 Tex. 503, 6 S. W. 808; Henderson v. S. A. & M. G. R. Co., 17 Tex. 560, 67 Am. Dec. 675;

Gibbens v. Bourland (Tex. Civ. App.) 145 S. W. 274; Paschal v. Hudson (Tex. Civ. App.) 169 S. W. 911; Davis v. Driscoll, 22 Tex. Civ. App. 14, 54 S. W. 43. Knowledge on the part of one making misrepresentations that they are false is not a necessary element in actionable fraud. Magill v. Coffman (Tex. Civ. App.) 129 S. W. 1146; Ford v. Sims (Tex. Civ. App.) 190 S. W. 1165; Mid-Continent Life Ins. Co. v. Pendleton (Tex. Civ. App.) 202 S. W. 769.

◼ Therefore Nussbaum & Co. having advised Poindexter that notes Nos. 1, 2, and 3 had been paid, he had the right to rely on the truth of that statement and purchase notes Nos. 4, 5, and 6 under the belief that they constituted the only lien on the 43-acre tract, Nussbaum & Co. having at the same time released their vendor's lien retained in the original conveyance to O. W. Davis. It is immaterial whether Nussbaum & Co. did or did not know at the time that the Federal Land Bank held the first three notes; they made the misstatement to Poindexter as a positive fact, on which he acted and parted with his money. The damage to him is the same whether the statement was innocently or intentionally made.

It follows, therefore, that Poindexter is entitled to recover against Nussbaum & Co.

The appeal to the Court of Civil Appeals was only from that portion of the judgment, which refused Poindexter any relief against Nussbaum & Co., and that is the only question now before us.

Therefore the judgment of the trial court must be affirmed, except in so far as recovery against Nussbaum & Co. was denied, and, as to that, our view of the law being that they are liable, judgment should be here rendered against them.

The assignment from Nussbaum & Co. to Poindexter is dated November 1, 1923, and recites a consideration of $689.65 paid in cash by Poindexter to them; such recovery should therefore be on that basis, with legal interest from that date.

We therefore recommend:

(1) That the judgment of the district court, establishing the lien of the Federal Land Bank, as to notes Nos. 1, 2, and 3, superior to that of Poindexter's lien as to notes Nos. 4, 5, and 6, establishing and foreclosing Poindexter's materialman's lien in the sum of $487.-50, against the dwelling house, as the superior lien, in so far as same pertains to said dwelling house, and it be sold separately and removed from the premises, rendering judgment for Poindexter against David and O. W. Davis for $1,135.75 (principal, interest, and attorney's fees due on said notes Nos. 4, 5, and 6), and foreclosure of lien on the 43.25-acre tract, subject, however, to the Federal Land Bank's prior and superior lien, be affirmed, but that so much of said judgment as denies

any recovery by Poindexter as against Nussbaum & Co. be reversed.

(2) That judgment be rendered in favor of T. B. Poindexter against Joseph Nussbaum, Julius Nussbaum, and J. Desenberg, constituting the firm of Nussbaum & Co., for said sum of $689.65, with legal interest from November 1, 1923, the same to be applied in satisfaction of the deficit, if any, and to the extent of the deficit remaining on his judgment against David and O. W. Davis, after sale under foreclosure as above directed; provided, however, that, should the amount of said deficit be less than said sum of $689.65 and interest, then said Nussbaums and Desenberg shall not be required to pay, under this judgment, exceeding the amount of deficit, and, should there be no deficit, then this judgment as against them shall be satisfied.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals affirmed in part, and reversed and rendered in part, as recommended by the Commission of Appeals.