In the Matter of John William
ADAMS, Jr., Bankrupt.
No. 71–G–18.

United States District Court,
S. D. Texas,
Galveston Division.
April 6, 1973.

Tom Tarpey, Houston, Tex., for bankrupt.

Myron M. Sheinfeld, of Sheinfeld, Maley & Kay, Houston, Tex., for trustee.

## MEMORANDUM AND ORDER

NOEL, District Judge.

By a Petition for Review, the bankrupt challenges the legal conclusion of the Referee in Bankruptcy that the producer rice acreage allotment held by the bankrupt constitutes property, which by operation of Section 70a(5) of the Bankruptcy Act, as amended, 11 U.S.C. § 110a (1970), passes to the Trustee. Section 70a(5) provides that the trustee shall be vested with the title of the bankrupt to

> property . . . . which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded or sequestered.

The Agricultural Adjustment Act of 1938, as amended, 7 U.S.C. § 1301 et seq., established the system of agricultural allotments and price supports to insure both a reasonable profit for farmers, and an adequate supply of agri-

cultural goods. The history and present operation of the allotment program are more fully discussed elsewhere and need not be repeated here. Miguez v. Miguez, 453 S.W.2d 514 (Tex.Civ.App.—Beaumont, 1970, no writ); Westfall, Agricultural Allotments as Property, 79 Harv. L.Rev. 1180 (1966); Comment, Cotton Allotments: Another "New Property", 45 Texas L.Rev. 734 (1967). It is sufficient to note that for many products, an agricultural allotment is essential to a profitable farming enterprise.

Several recent cases have dealt with the question of what rights and interests are created by the government's grant of a rice allotment to an individual. Allen v. David, 334 F.2d 592 (5th Cir. 1964) (Individual has no personal property right in allotment); Babb v. United States, 349 F.Supp. 792 (S.D. Tex.1972) (Cox, J.) (Wife's interest in husband's allotment not subject to estate taxes upon her death); Miguez v. Miguez, 453 S.W.2d 514 (Tex.Civ.App.—Beaumont, 1970, no writ) (Divorce decree dividing allotment improper); Pelton v. First National Bank of Angleton, 400 S.W.2d 398 (Tex.Civ.App.—Houston, 1966, no writ) (Lien on farm machinery does not vest a specific interest in rice allotment).

■ These cases provide little assistance here. "Property" cannot be considered an immutable label. See Reich, The New Property, 73 Yale L.Rev. 733 (1964). Whether an item qualifies as "property" for purposes of the Fifth Amendment Due Process clause, or for purposes of a taxing statute cannot determine the nature of that item under the Bankruptcy Act. See United States v. Willow River Power Co., 324 U.S. 499, 65 S.Ct. 761, 89 L.Ed. 1101 (1945); In re Spanish Language Television of Arizona, Inc., 456 F.2d 159 (9th Cir. 1972). Decisions holding that agricultural allotments lack certain attributes of property are not dispositive; the purposes of the Bankruptcy Act must govern this case.

■ The original and primary purpose of bankruptcy legislation is the fair and equitable distribution of the bankrupt's non-exempt property to his creditors. Wilson v. City Bank of St. Paul, 84 U.S. (17 Wall.) 473, 21 L.Ed. 723 (1873). "The main thrust of § 70a(5) is to secure for creditors everything of value the bankrupt may possess in alienable or leviable form when he files his petition." Segal v. Rochelle, 382 U.S. 375, 379, 86 S.Ct. 511, 515, 15 L.Ed.2d 428 (1966). The relevant attributes are value and alienability or leviability. If an item has value and can be transferred, it will serve to satisfy the bankrupt's debts. Such items fall within the purview of § 70a(5) and must be transferred to the Trustee.

■ In this case, the Referee in Bankruptcy correctly discerned the importance of value and transferability in answering the question presented. Based on the evidence presented, the Referee found the rights incident to holding a rice acreage allotment are regularly transferred for value. He found the bankrupt has twice transferred his annual allotment by means of Rice Allotment Leases. Finally, the Referee determined that the statute, 7 U.S.C. § 1353(f), and the Department of Agriculture regulations, 7 C.F.R. § 730.76, allow the permanent transfer of allotments, and that such permanent transfers have a market and a market value. The Referee concluded that a producer rice acreage allotment is transferable property within the meaning of the Bankruptcy Act and as such must be transferred to the Trustee pursuant to § 70a.

In his brief supporting the Petition for Review, the bankrupt contends that a rice acreage allotment is something less than a valuable property right because (1) the regulations governing transfer are very restrictive; (2) as governmental largess, an allotment could be withheld in any year; and (3) an allotment cannot insure a profit because of the vagaries of farming. None of

these arguments rebut the Referee's findings.

█ Restrictions on transfer do not negate the possibility of transfer. Section 70a(5) applies to property which the bankrupt "could by any means have transferred." The all-inclusiveness of the provision refutes the limited interpretation urged by the bankrupt. Segal v. Rochelle, supra; Comment, By Any Means, 67 Commercial Law Journal 193 (1962). Nor has a showing been made that the bankrupt and the Trustee could not comply with the regulations and make an effective transfer.

█ Similarly, the bankrupt's other arguments do not negate the Referee's finding of market value for rice acreage allotments; they merely indicate that the value may not be great. Other courts, however, have concluded that agricultural allotments have considerable value. E. g., Haas v. Earley, 443 S.W.2d 861 (Tex.Civ.App.—Corpus Christi, 1969, no writ). The Referee's conclusion that an acreage allotment is property under the Bankruptcy Act is affirmed.

By reference to the interplay between the statute governing transfer of allotments, 7 U.S.C. § 1353(f)(3) (1970), and the Texas exemption statute, Vernon's Tex.Rev.Civ.Stat.Ann. art. 3832 (1966), the bankrupt implies that a rice acreage allotment cannot be transferred during a bankruptcy. Under the federal statute, if an allotment is to be transferred to someone outside the holder's family, the transferee must also receive, "the entire farming operation pertaining to rice, including all production and harvesting equipment, [and] any irrigation equipment not permanently attached to the land." However, the Texas statute exempts from turnover, "all implements of husbandry," including production, harvesting and irrigation equipment.

█ If a bankrupt is ordered to transfer his rice acreage allotment to the trustee or a creditor, he must also transfer all his rice farming tools, in direct conflict with the Texas exemption statute. The federal statute's connection of the acreage allotment with the tangible farming equipment suggests identical treatment in bankruptcy. An acreage allotment could be considered an implement of husbandry and given the same protection from turnover. The importance of acreage allotments to the modern farmer suggests that the allotment might be more important than physical tools to the future livelihood of the bankrupt farmer.

The Trustee's argument that this bankrupt is not entitled to an exemption for his allotment because he did not schedule it, is frivolous. Obviously, the bankrupt did not claim any exemption because, at the time, he did not consider the acreage allotment subject to the bankruptcy.

The difficulty of transferring the acreage allotment without violence to the Texas exemption statute was not dealt with by the Referee in Bankruptcy. The bankrupt's attorney before the Referee has since died and the bankrupt's new attorney first raised the issue before this Court. Whether the acreage allotment should be considered a modern implement of husbandry under Texas law and whether the bankrupt is entitled to an exemption should be initially decided by the Referee. He is best equipped to make the necessary factual and legal determinations.

Therefore, it is now ordered, adjudged and decreed, that the bankrupt's Petition for Review is in part denied and in part granted. The Referee's Order is vacated and the matter is remanded to the Bankruptcy Court for further consideration consistent with this opinion.