Ray WALKER, Appellant,

v.

Latham MILLER et al., Appellees.

No. 12084.

Court of Civil Appeals of Texas, Austin.

March 20, 1974.

Rehearing Denied April 17, 1974.

James A. Builta, Hammett, Hammett & Cavness, Lampasas, Senterfitt & Adams, San Saba, for appellant.

Alvin Nored, Lynch, Nored, Martin & Millican, Burnet, for appellees.

O'QUINN, Justice.

Ray Walker, the appellant, brought this lawsuit in May of 1971 to compel Latham Miller and Ernestine Latham Wells, the appellees, to consent to the transfer of a twenty-five acre peanut allotment, which

Walker, as lessee of appellees, placed on their land in San Saba County, and for injunctive relief and damages.

Following trial to a jury, the trial court entered judgment awarding ownership of the allotment to appellees as owners of the land, and denied both appellant and appellees recovery of damages.

The principal issue is whether Walker lost title to the allotment to the appellees by reason of the allotment becoming attached to the realty.

We will affirm that portion of the judgment denying damages to both parties and will reverse that part of the judgment which awarded the allotment to appellees, and render judgment for appellant. We will remand the case for further proceedings to effect delivery of title and possession of the allotment to appellant.

Appellant, who is engaged in farming peanuts on a number of tracts situated in Mason and San Saba Counties, purchased an allotment for about 80 acres of peanuts from Sue Clyde Germany in San Saba County early in 1968, under provisions of the United States Agricultural Adjustment Act of 1938, as amended. (7 U.S.C.A., sec. 1357 et seq.) The allotment was for dry farming, and because Walker proposed to use it on irrigated land, the San Saba County Committee of the Stabilization and Conservation Service reduced the acreage to 24.9, later adjusting it to 25 acres.

Shortly after acquiring the allotment, Walker and Miller, representing himself and his mother, Ernestine Latham Wells, entered into an oral lease agreement late in February of 1968 under which Walker could farm a tract of about 57 acres in San Saba County belonging to appellees for a period of three years, beginning in 1968. Walker rented an additional peanut allotment of 25 acres which, combined with his permanent allotment of 25 acres, permitted Walker to farm 50 acres of peanuts on the "Miller tract."

Walker also gave Miller an option to buy Walker's allotment at the end of the three year period for the same price Walker paid for it, plus interest.

Walker farmed the Miller property in 1968 and again in 1969. In December of 1969 Walker gave written notice that he would be unable to get the land farmed "again on account of the Hogs." Earlier in 1969, before the peanuts had been harvested, a number of hogs kept by Miller on a tract adjoining the peanut crop had entered the peanut field. Walker's yield for 1969 dropped about 75,000 pounds, from a harvest of 125,000 pounds the year before. Later, early in 1970, Walker notified Ernestine Latham Wells that he might not plant that year, and mentioned "so much Hog Damage last Year."

When Walker did not put in a peanut crop on the Miller tract in 1970, the appellees farmed the acreage, using the Walker permanent allotment of 25 acres and allotment from other sources sufficiently to reach the maximum allowable acreage of fifty. It is undisputed that appellees did not exercise their option to buy the Walker permanent allotment of 25 acres, either before the end of the three year lease term or thereafter.

At the end of the three years, in February of 1971, Walker undertook to have the permanent allotment of 25 acres transferred to another farm in San Saba County, but appellees refused to give their consent as owners of the land. Under rules and regulations of the allotment program a permanent allotment may not be transferred except after a period of three years and then only by consent of both the landowner and the owner of the allotment.

When appellees refused to give their consent, Walker filed suit to require their consent, to enjoin them from using the allotment, and for damages. Appellees answered pleading among other things that they were entitled to retain Walker's allotment as a set off for their losses and for

damages for breach of contract to transfer "a full fifty (50) acre irrigated permanent peanut allotment" to the Miller tract.

In response to special issues the jury found that Walker had agreed to purchase and transfer a 50 acre permanent allotment to the Miller tract on or before February 24, 1971, and that appellees appropriated the 25 acre allotment to their own use without the consent of Walker. The jury found in effect that Walker was not entitled to actual or exemplary damages from appellees, but that on Walker's failure to transfer a 50 acre allotment to the Miller land, appellees were entitled to compensation of $8,000. Further effects of the jury findings were that Miller was not entitled to damages for Walker's failure to farm the tract in 1970, and that use by appellees of the 25 acre allotment in 1970 was without reasonable value.

The trial court granted Walker's motion for judgment *non obstante veredicto* in part, denying recovery of damages by appellees. The court adjudged "that the 25-acre peanut allotment in question is attached to the realty and that the owners of the land are the owners of the allotment." Walker also was denied recovery of damages against appellees.

Both parties gave timely notice of appeal from the judgment, but appellees did not perfect their appeal. Appellant Walker brings fourteen points of error.

This appeal can be adjudicated on our decision that it was error to award title to the 25 acre permanent allotment to the landowners on the theory that the allotment had become a part of the realty.

An allotment under the Agricultural Adjustment Act has been recognized as intangible personal property, subject to devise, inheritance, transfers and sales, division by a district court in divorce proceedings, and to treatment as property in bankruptcy proceedings. It is recognized that an allotment has market value, and the statutory restrictions on transfer do not negate the possibility of transfer. Miguez v. Miguez, 453 S.W.2d 514 (Tex.Civ.App. Beaumont 1970, no writ); Haas v. Earley, 443 S.W.2d 861 (Tex.Civ.App. Corpus Christi 1969, no writ); Thomas v. County Office Committee of Cameron County, 327 F.Supp. 1244 (D.C.1971); In re Adams, 357 F.Supp. 1184 (D.C.1973) and cases cited pp. 1186, 1187; 45 Tex.L.R. 734 (1967); 79 Harvard L.R. 1180 (1966).

Peanut allotments were placed by Congress in the same class with other types of allotments with respect to sales, leases, and transfers. (7 U.S.C.A., sec. 1358a) Although as between the producer and the Government the Agricultural Adjustment Act does not vest personal rights of property, rights between contracting producers and landowners are fixed by their contracts and not by the regulations conditioning transfers. See Allen v. David, 334 F.2d 592, 599 (5th Cir. 1964, cert. den. 379 U.S. 967, 85 S.Ct. 660, 13 L.Ed.2d 560); Haas v. Earley, *supra*; Ellison v. Knapek, 421 S.W.2d 474 (Tex.Civ.App. Waco 1967, writ ref. n. r. e.). Neither the federal regulations nor action of the county committee will constitute a basis for transfer of ownership or title from one individual to another, although it is clear that transfers of allotments will follow procedural requirements of the statute and regulations promulgated under it.

Although the jury found that Walker agreed to place a 50 acre permanent allotment on the Miller tract, the fact remains undisputed that appellees failed or refused to exercise their option to purchase the 25 acre allotment Walker had placed on the tract but instead appropriated it to their own use without Walker's consent. There was no agreement that if Walker placed only 25 acres in allotment on the land, the appellees had the option to appropriate the 25 acres without payment, and we find no basis for appellees to assert a claim in the nature of a lien on the allotment. Appellees did not acquire equitable title to the allotment under the option con-

tract, and failure to exercise their option excluded any alternative right in the allotment. Michael v. Busby, 139 Tex. 278, 162 S.W.2d 662, 664 (1942); McCaleb v. Wyatt, 257 S.W.2d 880, 881 (Tex.Civ.App. Fort Worth 1953, writ ref. n. r. e.).

Although abandonment of the allotment by Walker was not an issue raised in the trial, appellees contend on appeal that Walker abandoned the allotment in such manner that this personal right or property became a fixture to the land. Walker did not farm the land during the last year of the lease, but shortly after expiration of the three years' prerequisite to transfer he applied to the county committee for transfer. We find nothing in the record to show an agreement of the parties, or the unilateral intent of Walker, to ascribe the allotment to the land. Even though used in connection with the land, personal property will not become affixed to the realty unless the parties so intend. Hutchins v. Masterson and Street, 46 Tex. 551 (1877); Millers Mutual Fire Insurance Company v. Jackson, 359 S.W.2d 510 (Tex.Civ.App. Amarillo 1962, no writ).

The jury, in response to special issue No. 1, failed to find that Walker and Miller agreed, at the time of making the lease agreement, that they would transfer the allotment if Miller did not exercise his option to buy the allotment. The absence of such an agreement is not controlling of the ultimate issue of intention of the parties as to whether the allotment would become permanently affixed to the land in any event. An option to buy the allotment would be a vain course for the owner of the allotment to follow if he did not intend to transfer the allotment in the event the landowner did not want to buy it; and such an option would serve no purpose for the landowner if the parties intended the allotment to be affixed to the land upon its transfer to the tract.

In view of the conclusions we have stated, we do not find it necessary to consider further points of error brought by appellant or the contentions of appellees under their counterpoints.

The judgment of the trial court denying recovery of damages by both appellant and appellees is affirmed. We reverse the court's judgment that appellees are owners of the 25 acre allotment because it had attached to the realty. We render judgment that appellant is owner of the allotment. We remand the cause to the trial court for further proceedings to effect delivery of title and possession of the 25 acre allotment to appellant.

Judgment affirmed in part and in part reversed and rendered, with cause remanded for further proceedings in conformity with this opinion. All costs on appeal and in district court are taxed equally against appellant and the appellees. Rule 448, Texas Rules of Civil Procedure.