### L. J. CHANEY v. J. E. COLEMAN.
#### No. 6398.

1. **Fraud.**—A defendant in a suit to cancel a deed to land given in exchange for other land conveyed by defendant, the cancellation being sought on the ground of fraudulent representation as to quality and value, can not retain the land and defeat a recovery on the ground that like fraudulent representations had been made by plaintiff regarding the land received by defendant in exchange.

2. **Fraud—Cancellation of Deed—Permanent Improvements.**—A defendant who has made permanent and valuable improvements on land purchased by him, when a cancellation of his deed is sought on the ground of fraud in acquiring title, is entitled to receive compensation for such improvements made by him, after deducting the value of the use and occupation of the land.

3. **Evidence.**—The value of land can not be shown by evidence of the amount paid for adjoining property, unless the conditions regarding improvements, quality, and the like are first shown to be identical.

4. **Same—Value of Land.**—The value of land can not be shown by evidence of what was bid for it when offered for sale until after the circumstances and conditions attending the sale are first shown to the court, in order to determine whether the evidence should be heard, even if such evidence is admissible under any circumstances.

APPEAL from Denton. Tried below before Hon. F. E. Piner.

J. E. Coleman instituted this suit against L. J. Chaney, in the District Court of Denton County, Texas, for the purpose of rescinding an exchange of lands made by him and the said Chaney on September 2, 1886. It seems that on September 2, 1886, Coleman traded a tract of land in Denton County, containing 117 acres, less two acres, for a tract of land in Sumner County, Tennessee, belonging to Chaney and containing 90 acres, more or less, and received $200 in said exchange as a difference in the values of the two tracts. Afterward Coleman became dissatisfied with the trade and instituted this proceeding to cancel the same, charging Chaney with having fraudulently misrepresented the character and

value of the land in Tennessee, together with the nature and condition of its improvements.

Chaney answered and denied generally all charges of fraud, and especially pleaded that all representations made by him touching the material features of the land in Tennessee were strictly true. He then specially alleged that plaintiff had practiced deception on him in regard to the nature of the land in Denton County and the condition of the improvements on the same; and he set out in said special answer that he had made valuable and permanent improvements on the land, and made other outlays and expenditures before receiving any notice of Coleman's intention, all of which improvements and outlays he would have to sacrifice in case of a voluntary rescission of the trade under the terms and conditions offered.

He further alleged that it would, in a measure, be ruinous to him to conform to plaintiff's demand, and concluded with a prayer for rejection of said demand and general relief, and for the value of the improvements should the exchange be revoked upon final trial. On January 3, 1888, plaintiff filed his first amended supplemental petition, wherein he moved to strike out substantially all of the defendant's amended answer except the general denial, which motion was sustained by the court. Whereupon the case was tried upon its merits and submitted to the jury, and on January 12, 1888, resulted in a general verdict for the plaintiff.

*Jagoe & Ponder*, for appellant. —1. The court erred in not permitting the defendant to allege and prove the actual value of the tract of land in Denton County, Texas, given in exchange for the tract in Sumner County, Tennessee, and show the relative difference in value of the two places, in view of allegations of fraud against plaintiff. Since the plaintiff was seeking an adjustment of the equities affecting him, the defendant was entitled to a fair adjustment of all the equities of and growing out of the case. Story's Eq. Jur., 10 ed., sec. 203; Pars. on Con., 5 ed., sec. 771; Pome. Eq. Jur., sec. 813, note 5; 45 Texas, 11.

2. The court erred in sustaining the special demurrer referred to above wherein was stricken out all that portion of defendant's amended answer which charged the plaintiff with deception and unfair dealing in regard to said tract of land in Denton County, for the reason that the defendant should have been allowed to show that plaintiff in coming into court and asking for an equitable relief had not done equity in the same transaction, and "had not come into court with clean hands." Story's Eq. Jur., 10 ed., sec. 298; Pome. Eq., secs. 401, 916, 940.

*Smith & Bottorff*, for appellee. —1. The court did not err in its rulings upon the question whether the defendant could plead and prove that the value of the land in Denton County, Texas, exchanged for the land in Sumner County, Tennessee, was less than the plaintiff agreed to take

for same, and thereby retain the possession of said Denton County land, obtained through fraud, upon the ground that the said land was worth less than the plaintiff Coleman agreed to take for the same.

2. There was no error in the ruling of the court in striking out that portion of the defendant's answer claiming value of improvements placed upon said tract of land in Denton County by the defendant, for the defendant had obtained the possession of said land by actual fraud, and he was only entitled to what he paid plaintiff therefor at the time he obtained the fraudulent possession of the same, and is not entitled to the value of the improvements made on said land since the transfer. Bump. on Fraud. Con., p. 618; Bish. on Con., secs. 618, 679.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellee. The petition charges that plaintiff on the 2d day of September, 1886, owned and then conveyed to the defendant a tract of land in the county of Denton, State of Texas, which it particularly described; that the consideration of the conveyance was a tract of land in Sumner County, Tennessee, which was conveyed by defendant to plaintiff, and $200 in money paid to plaintiff by defendant; that the quality and value of the Tennessee land were misrepresented to plaintiff by defendant, as was also the character of the improvements situated thereon.

Plaintiff offered to return the $200 in money and reconvey to defendant the Tennessee land, and prayed for a cancellation of his deed for the Denton County land.

The defendant answered denying the charges of fraud made against him and resisting the relief sought by plaintiff. He pleaded valuable improvements placed by him on the Denton County land, and charged that plaintiff was guilty of fraudulent conduct by which defendant was misled and imposed upon with regard to the value of that tract.

The court sustained exceptions to so much of the answer as related to improvements and to deception practiced by plaintiff upon the defendant.

The plaintiff recovered.

Defendant, when sued for the cancellation of the deed for the land conveyed to him on the ground that he had fraudulently procured it by means of false representations made by him to his vendor, could not be permitted to defeat a recovery and continue to hold the land on the ground that his vendor had also misrepresented the land conveyed by him.

In that respect plaintiff's exceptions to the answer were properly sustained.

In the case of The State v. Snyder this court quoted with approval, when discussing the subject of fraudulent conveyances, the following extract from Pomeroy's Equity:

"It may be regarded as an universal rule governing the court of equity in the administration of its remedies, that whatever may be the nature

of the relief sought by the plaintiff, the equitable rights of the defendant growing out of or intimately connected with the subject of the controversy in question will be protected; and for this purpose the plaintiff will be required, as a condition to his obtaining the relief which he asks, to acknowledge, admit, provide for, secure, or allow whatever equitable right, if any, the defendant may have; and to that end the court will, by its affirmative decree, award to the defendant whatever relief may be necessary in order to protect and enforce those rights." 66 Texas, 698.

In Kerr on Fraud and Mistake it is said:

"The terms on which a reconveyance will be ordered are the repayment of the purchase moneys and all sums laid out in improvements and repairs of a permanent and substantial nature by which the present value is improved, with interest thereon from the times when they were actually disbursed. On the other hand, charges for the deterioration of the property must be set off against the allowances for permanent improvements. The party in possession must also account for all rents received by him, and for all profits, such as moneys arising from the sale of timber or from working mines, with interest thereon from the times of the receipt thereof. He must also pay an occupation rent for such part of the estate as may have been in his actual possession."

We think the court erred in sustaining the exception to defendant's claim for the value of permanent and beneficial improvements. On another trial such improvements on the one hand, and the value of use and occupation on the other, should be considered.

Appellant complains of the exclusion of evidence offered by him showing the value of some farms adjoining the one sold by him to plaintiff.

We think the evidence was properly excluded. The question was as to the value of the farm conveyed to plaintiff by defendant. It is not readily seen how its value can be correctly shown by comparing it with others, as was proposed to be done by the defendant in this case. The farm in question was an improved one, and was valued in the trade as such.

Before a value can be given to it by proving the average value of farms in that vicinity, it should be proved that the improvements and other things to be considered in estimating its value correspond with like things on the farms with which it is classed. That was not done in this case, and it is not probable that it can be done, or that a proper predicate can be laid for the adoption of such a method of establishing its value, instead of proving it directly.

A witness for plaintiff, after testifying that the Tennessee farm that had been represented by defendant to plaintiff to be worth $1000 was not worth over $200, was permitted, over defendant's objections, to state: "When Mr. Chaney left here three years ago he tried to sell the place, and I bid $1.15 per acre for it, and I was the highest bidder. Chaney had a by-

bidder there and he bid over me, and there was no sale.  Bill Fuqua bid $1 an acre for it."

While this evidence suggests that the land had been offered for sale to the highest bidder at public auction, it does not disclose that there were more than two competitors or more than three persons present.  We do not find in the record any other evidence relating to an auction or bidding for the land.  If in any case what was bid for land when it was offered for sale can be received as evidence of its value, it can only be when the circumstances and conditions attending the transaction are explained so that the court may have the means of estimating the weight of the testimony.  In this case the evidence should have been excluded.

Except as indicated we find no error in the rulings of the court upon the admission or rejection of evidence.

The charge given by the court correctly presented the law upon issues in the cause.  The only criticism that can be justly attached to it is that it went somewhat beyond what was strictly required in presenting the issues arising out of the evidence.

We deem it unnecessary to discuss other objections, as they are not such as are likely to recur upon another trial.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered April 29, 1890.