PASCHAL et ux. v. HUDSON et al.
(No. 7183.)

(Court of Civil Appeals of Texas. Dallas. June 20, 1914. Rehearing Denied Oct. 17, 1914.)

1. CANCELLATION OF INSTRUMENTS (§§ 25, 59*) —DEFENSES—FRAUD.

While defendant, in an action to cancel a deed on the ground of his fraud, cannot plead plaintiff's fraud to defeat a recovery, yet, where he has paid out money by reason of plaintiffs' fraud, he may plead that fact and have it adjudicated in case a rescission is decreed.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 119–125; Dec. Dig. §§ 25, 59.*]

2. APPEAL AND ERROR (§ 1066*) — HARMLESS ERROR—INSTRUCTION.

In an action to cancel a deed on the ground of defendant's fraud, where none of the issues submitted related directly to the question of fraud, a charge that, in order for the representation to be fraudulent in law, it must be made, knowing the facts to be untrue, with the intent to deceive and mislead the other party thereby, if error, was immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

3. APPEAL AND ERROR (§ 931*) — PRESUMPTIONS—FINDINGS.

In such action, where there was no complaint of the refusal of the court to submit the issue of fraud, and where the judgment for defendant was supported by the evidence, the presumption was that the court properly found on that issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3728, 3762–3771; Dec. Dig. § 931.*]

4. FRAUD (§ 4*)—"FRAUDULENT REPRESENTATIONS"—INTENT.

It is not necessary to show that a party making fraudulent representations intended to perpetrate a fraud, but if they are such as to create a false impression, causing the other party to act believing them to be true, then, wheth-

er innocently made or not, such representations are fraudulent.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 2; Dec. Dig. § 4.*]

5. CANCELLATION OF INSTRUMENTS (§ 23*) — PLACING OTHER PARTY IN STATU QUO.

In an action to cancel a deed on the ground of the defendant's fraud as to the indebtedness upon his stock of goods given in exchange, where it appeared that plaintiff took charge of the stock, and, though having knowledge of such misrepresentation, said nothing to defendant about rescission until the goods were sold and disposed of, and waited for about 12 months before bringing suit, so that it was impossible for the parties to be placed in statu quo, judgment was properly rendered for defendant.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent.Dig. § 32; Dec.Dig. § 23.*]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by J. W. Paschal and wife against T. P. Hudson and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Hugh W. Peck, of Dallas, for appellants. Wood & Wood, of Dallas, for appellees.

RAINEY, C. J. The statement of the case taken from appellee's brief we find to be correct and is as follows:

"This suit was instituted in the district court of Dallas county, Tex., by the appellants, J. W. Paschal and wife, in April, 1912, against the appellees, T. P. Hudson, George Smith and wife, to cancel a deed made by appellant J. W. Paschal to appellee T. P. Hudson, on January 10, 1911, to certain 320 acres of land situated in Lynn county, Tex., and also a deed made by T. P. Hudson to his daughter, Mrs. George Smith, on May 12, 1911, to same land and to recover the land.

"The grounds for cancellation set up in appellant's pleadings were: First. That the 320 acres of land was the separate property of Mrs. J. W. Paschal at the time appellant J. W. Paschal made the deed, and that his said wife did not join in its execution. Second, that he (J. W. Paschal) was a married man at the time he executed the deed, and that the land was at that time the homestead of himself and wife, and that his wife did not join in the execution of the deed. Third, that said land was deeded by appellant to appellee in exchange for a stock of goods, situated on Elm street, in the city of Dallas, and that appellee T. P. Hudson represented to appellant, at the time of the exchange, that the amount of the indebtedness against the goods amounted to the sum of $2,759.60, which plaintiff agreed to pay, and that in fact the indebtedness amounted to about $800 more. That the misrepresentation was fraudulently made to induce the appellant to make the exchange. The suit was filed more than one year after the deed was made. Fourth. That the deed from T. P. Hudson to his daughter, Mrs. George Smith, was without consideration, and that she had notice of the facts, rendering the deed from Paschal to Hudson void at the time the deed was made to her. There is no allegation in the amended petition, though filed nearly two years after the deed was made, that appellant ever, at any time, called for cancellation and offered to restore appellee to his former position, and no offer in said amended petition to return the goods to appellee or their value.

"The answer of appellees, stated briefly, involved a denial of all the material allegations in the amended petition relating to the grounds set up for a rescission.

"The appellees further alleged that the ap-

pellant J. W. Paschal falsely and purposely represented to him, at the time the deed was made, that he (Paschal) was an unmarried man, and that Hudson did not know he was married, and appellees further alleged that Paschal purposely misrepresented the amount of the indebtedness against the land, the fact that the notes were all mature, and fraudulently concealed from appellee Hudson the fact that suit was then pending in the district court of Fisher county, for the amount of all of the four notes, interest, and attorney's fees, and that costs had been incurred, and that judgment was thereafter rendered on said notes for principal, interest,, attorney's fees, and costs, and that the appellee Hudson did not learn of the pendency of the suit until after judgment, and the land was advertised for sale. When he learned of it, the appellee George Smith paid the amount, which was then $569.20; the same was paid by Smith May 1, 1911, four months after the trade was made between Hudson and Smith.

"The cause was submitted to the jury on special issues. No request was made by appellant to submit any issue other than the court submitted. Judgment was rendered for the appellees, from which this appeal is taken."

[1] Appellant's first and second assignments complain of the court's action in overruling his exceptions to paragraph 17 of defendant's answer, which set up fraudulent representations made by appellant in the transaction, which caused appellee to have to pay attorney's fees in a suit brought to foreclose the notes due on the land, and which appellee had assumed to pay in the transaction.

Appellant's proposition is that:

"Defendant in a suit to cancel a deed to land given in exchange for other property conveyed by defendant, the cancellation being sought on the ground of fraudulent representations, cannot retain the land and defeat a recovery on the ground that like fraudulent representations had been made by plaintiff."

Conceding that said proposition is correct that a defendant cannot plead fraud in plaintiff to defeat a recovery in a suit to cancel a deed (Chaney v. Coleman, 77 Tex. 100, 13 S. W. 850), yet in this case, if defendant paid out money by reason of the fraud of appellant, defendant could show that fact and have it adjudicated in the event a rescission was decreed, and for that purpose it was proper to plead it, and we see no injury resulting to appellant in the action of the court.

The third, fourth, and fifth assignments complain of the admission of certain testimony, but in our view of the case its admission was immaterial, and said assignments are overruled.

[2] The sixth and seventh assignments complain of the court's charge, which reads:

"That, in order for a representation or statement to be fraudulent in law, the party making the representation or statement must knowingly make it, knowing the facts to be untrue, with the intent then and there to deceive and mislead the other party thereby."

This charge, if error, in this case, was immaterial, because it could not have had any effect on the jury, as none of the issues submitted related directly to the question of fraud.

[3] There is no complaint of the refusal of the court to submit such an issue, and, as the judgment is abundantly supported by the evidence, the presumption is that the court properly found on the issues not submitted.

[4] Ordinarily on the issue of fraudulent representations, it is not necessary to show that the party making them intended to perpetrate a fraud, but if they were such as to create a false impression that caused the other party to act, believing such representations to be true, whether innocently made or not, such representations are fraudulent. Loper v. Robinson, 54 Tex. 510.

[5] Under the evidence in this case, we think no other verdict should have been rendered. On January 10, 1911, appellant owned a tract of land in Lynn county on which four notes for $92 each were due and owing. At that date appellee Hudson owned an art store situated on Elm street in Dallas, Tex. Appellant and Hudson agreed to exchange said properties. Appellant deeded the land to Hudson, who assumed the payment of said four notes; Hudson turned over to appellant said store, the stock being worth about $3,500, and appellant assumed an indebtedness of $2,759, which Hudson stated was shown by his ledger, but further stated there might be more or less indebtedness, but, if so, he would arrange the excess, if any. Appellant took charge of said stock and proceeded to conduct the business of selling the goods. He sold about $2,000 of same and paid an indebtedness of $276. About April 11, 1911, with appellant's consent, a receiver was appointed, and appellant was employed to run the business on a salary. Before the receiver was appointed, appellant became aware that the indebtedness he assumed amounted to more than $2,759, but he said nothing to Hudson about rescinding until the goods were disposed of, and waited about 12 months, when this suit was brought, at which time he had dissipated the stock, and he had no ground for rescission, as it was impossible for the parties to be placed in statu quo, and the court properly rendered judgment for appellees. Chambers v. Grisham, 157 S. W. 1177.

The other errors assigned we think are without merit, and are overruled.

Judgment is affirmed.