CITY OF HOUSTON, Appellant,

v.

Florence Calhoun FISHER et al., Appellees.

No. 7089.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 3, 1959.

Rehearing Denied March 3, 1959.

.R. H. Burks, Acting City Atty., Charles A. Easterling, Senior Asst. Atty., Homer T. Bouldin, Senior Asst. City Atty., Houston, for appellant.

Max Garrett, Houston, for appellees.

FANNING, Justice.

Appellant, City of Houston, instituted condemnation proceedings against appellees, Florence Calhoun Fisher and others as owners of certain land located in Harris County, Texas, to acquire fee simple title to said land for public purposes. An award was made and objections filed thereto by appellees. Appellant and appellees filed stipulations of fact in the County Court at Law of Harris County, Texas, the trial court, and agreed that the sole remaining issue between the parties was the value of the land. The case was tried with a jury upon one special issue; based upon the jury verdict the court rendered judgment for appellees and against appellant in the sum of

$112,500, for the market value of the land taken, and for costs. Appellant's motion for new trial was overruled and it has appealed.

Appellant's Points 1 to 4 inclusive, complain of the trial court's striking the testimony of appellant's witness William Joseph Boyle concerning the reasonable market value of the subject property, the trial court's instructions to the jury to disregard Boyle's testimony, and the action of the trial court in overruling appellant's motion for mistrial by reason of the court's actions in these matters.

We have carefully reviewed the testimony of the witness Boyle, together with the pertinent objections of counsel and the rulings of the trial court, together with the examination that the trial court itself made of the witness Boyle, all of which comprises some 35 pages of the statement of facts. After a careful review thereof it is our conclusion that the trial court did not abuse his discretion in determining from the whole of Boyle's testimony that the witness Boyle, in the main, was basing his conclusion of market value upon personal views and not upon adequate knowledge of the market values in the locality in question as of May 14, 1954, the date of the taking. In this connection see the following authorities: Slack v. Magee Heirs, Tex.Civ.App., 252 S.W.2d 274, affirmed 152 Tex. 427, 258 S.W.2d 797; Calvert Fire Ins. Co. v. McClintic, Tex.Civ.App., 267 S.W.2d 568, wr. ref., n. r. e. Appellant's Points 1 to 4 are respectfully overruled.

We also hold that the trial court did not err in excluding the testimony of Albert W. Westerhaus of the sales of property from Mrs. Lena Schmidt to the Federal Land Bank of Houston; Mary Menutis to Federal Land Bank of Houston and A. J. Evans to Federal Land Bank of Houston, offered by the appellant, as comparable sales since same were all improved properties and the Fisher tract was unimproved property. See City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808, 816, wherein it is stated:

"The property is unimproved. Prices paid for improved lots and the value assigned to improved lots in recent sales is not admissible because not meeting the test of similarity. Chaney v. Coleman, 77 Tex. 100, 13 S.W. 850; 118 A.L.R. 869; 174 A.L.R. 386."

Appellant's 8th point is respectfully overruled.

■ Appellant's 9th point reads as follows:

"The Court erred in admitting into evidence Appellees' Exhibit Number 4, a large map of the area of the Downtown City of Houston, which said map had not been properly authenticated, nor properly identified, and contained writings and material which were not explained or identified prior to the introduction thereof over objections of appellant timely made."

Mr. M. W. Lee, expert witness of appellees, testified with respect to defendants' Exhibit No. 4 as follows:

"A. The streets are located properly. The landmarks; just by looking at this, the landmarks that I know, they are properly located on this plat.

\*  \*  \*  \*  \*  \*

"Q. Mr. Lee, in referring to defendants' Ex. No. 4: Does that accurately reflect the streets and the way the blocks are laid out in downtown Houston? A. Yes, sir.

"Q. Does it accurately reflect the way those blocks and streets were formed on December 14, 1954, the date of taking— A. Yes, sir.

"Q. I mean the way those blocks and streets were formed on May 14, 1954? A. The same thing. Yes, sir."

With respect to the offer of defendants' Exhibit No. 4, the following transpired:

"Mr. Garrett: We would like to offer that into evidence at this time.

"Mr. Burks: Your Honor, this exhibit, ordinarily we would have no objection to it if it only showed the streets on there. But, unfortunately, it has many, many pieces of writing on each block. I don't know whether it could be proved up; I doubt if it could. Many blocks have different things written all over them.

"The Court: You are not introducing those, are you?

"Mr. Garrett: No, sir. We (are sic) offering it just to show the streets and the blocks.

"Mr. Burks: Your Honor, unless he eliminates everything but the streets that are on the ground, any matter on there would be hearsay and not binding on the plaintiff. I know every piece of property is full of writing, and, therefore, I think it is prejudicial.

"The Court: Gentlemen, we will overrule the objections to it. It will be admitted only for the limited purpose of merely showing the plan, or layout, of the streets and blocks, in the area of the city that it purports to cover, and for that limited purpose it is admitted."

It will be seen from the above that the trial court admitted the map in question only for the limited purpose of showing the plan or layout of the streets and blocks in the area of the City of Houston that it purported to cover. Appellant in its brief also has not attempted to show how it was harmed or could have been harmed by any of the writings on the map, and in fact does not point to any particular writing on the map which injured or tended to injure the City's case. Appellant's 9th point does not present reversible error under this record and is respectfully overruled.

Appellant's 10th point reads as follows:

"The Trial Court erred in not granting and sustaining Appellant's Motion for a New Trial because the total amount of damages awarded by the

jury, in the amount of $112,500 is excessive and is against the overwhelming preponderance of the credible evidence adduced during the trial of this cause and is clearly the results of inflamed prejudice and unwarranted sympathy."

In the case at bar the amount fixed by the jury ($112,500) was greater (about double) than that testified to by appellant's witnesses and less than that testified to by appellees' witnesses ($150,000).

We have carefully considered the record in this case and are of the opinion that we should not disturb the verdict of the jury in this case. We think appellant's 10th point is not well taken under the record in this case and said point is respectfully overruled.

Appellant's 5th, 6th and 7th points are deemed as not presenting reversible error under this record and are respectfully overruled.

Finding no reversible error in the record, the judgment of the trial court is affirmed.