**BRAZOS RIVER AUTHORITY, Appellant,**

**v.**

**J. W. GILLIAM et al., Appellees.**

**No. 16934.**

Court of Civil Appeals of Texas.

Fort Worth.

June 7, 1968.

Rehearing Denied June 28, 1968.

Beard & Kultgen, and David B. Kultgen, Waco, for appellant.

C. O. McMillan, Stephenville, for appellees J. W. Gilliam et al.

Touchstone, Bernays & Johnston, and Charles Beresford, Dallas, for appellee Gifford-Hill & Co., Inc.

## OPINION

MASSEY, Chief Justice.

The case before us grew out of a condemnation proceeding under Vernon's Ann.Tex.Civ.St., Title 128, "Water", Chapter 3A, "Water Control and Improvement Districts", Art. 7880–126, "Eminent domain". There is no question involving procedure.

The appeal by the condemnor, the Brazos River Authority, is in complaint that amounts awarded certain condemnees were improper and/or excessive.

Predicate for some of the points of error brought forward on the appeal from the judgment of the District Court was founded upon the premise that in a trial before the court the complaining party could contend that the judgment was founded upon findings of fact and conclusions of law apparently made by the court—other than upon such appearing in the record within the contemplation of Texas Rules of Civil Procedure, rule 296, "Conclusions of Fact and Law". The appealing Authority refers to a letter written by the trial judge (made a part of the transcript) wherein it claims conclusions of law were obviously predicated upon findings of fact which were not in the evidence proper to be considered by the court as the fact finder. There was no request for and no Findings of Fact and Conclusions of Law filed in the case.

█ The appellees contend that the case must be viewed as one wherein there were no specific fact findings made apparent for consideration by an appellate court, the letter of the trial court not having

force and effect to supply predicate for a contention that error existed in consideration of evidence therein referred to. We agree with appellees. In Ramirez v. Milton Provision Co., 231 S.W.2d 547 (San Antonio Civ.App., 1950, no writ hist.) it was said: "This case was tried to the court without a jury. There appears in the transcript an opinion written by the trial judge giving his reasons for holding against the appellant. No request for findings of fact or conclusions of law was made, and we do not construe the opinion referred to as constituting findings and conclusions under Rule 296, Texas Rules of Civil Procedure. Although we have found the opinion helpful in giving the trial judge's view of the controversy, we are governed by the well recognized rule that in the absence of findings of fact and conclusions of law the appellate court will presume that all fact issues having support in the evidence were found in support of the judgment."

█ In view of our holding in accord with Ramirez, the contention of the appealing Authority upon the premise that there was no evidence to support the judgment of the trial court fails, there being evidence in the record admittedly proper of consideration which is of sufficient probative force and effect to support the judgment. Furthermore, the evidence proper to be considered upon the value of the property of Mr. and Mrs. Mark M. Malone, not only supports the judgment in their behalf but the value found by the court is not against the great weight and preponderance of the whole evidence.

Remainder of the points of error relate to the findings of the trial court relative to value of property which Mr. and Mrs. J. W. Gilliam either own in the entirety or as to which they own all but the sand and gravel rights which Gifford-Hill and Company, Inc. claim under lease. The value finding was in the total amount of $86,-295.25, apportioned $67,194.44 to the Gilliams, as landowners and $19,064.81 to Gifford-Hill, as leaseholder. Between the

landowners and the leaseholder there is no dispute and the former is willing that the leaseholder should have—of the total judgment award—the amount of $19,064.81.

■ Citing County of McLennan v. Shinault, 302 S.W.2d 728 (Waco Civ.App., 1957, no writ hist.), the Authority contends that the condemnation award to Gifford-Hill was improper. The holding in Shinault is without application. The Gilliams, as primary condemnee-beneficiaries, are entitled to the entire $86,295.25. If any part thereof is awarded to any third party only they would be entitled to complain, not the condemnor who must pay the value of what it received in any event. The Gilliams do not complain. The complaint of the Authority is overruled.

Other points of error are (1) that the Gilliam tract was valued as gravel land and should not have been so valued; and (2) assuming that it was proper to so value it—that the trial court erred in multiplying the number of cubic yards of gravel in place by an assumed value per cubic yard; (3) that it was error to treat the Durham, Burks and Whitehead sales as constituting comparable sales; (4) that error resulted because the trial court failed to consider differences in the value of gravel in the Gilliam tract and the value of the gravel in the Durham, Burks and Whitehead tracts; and (5) that the trial court erred in applying the wrong discount to the Durham, Burks and Whitehead sales.

■ Though it was conceded in the evidence that at least 916,000 cubic yards of gravel and sand underlay approximately 34 acres of the Gilliam tract no gravel operation had ever been conducted to extract it prior to condemnation. By reason thereof and the fact that there was no evidence that such would be conducted within the immediate future or within a reasonable time the Authority advanced the contention that principles of law announced in City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808 (1954) inhibited the evaluation

of such tract as gravel land. We hold that Cannizzo is without application and overrule the contention. To mine a tract of land for sand and/or gravel is not such a "use" as was contemplated in the cited case. Plans to so mine the property or not within any particular period would have no effect upon the general rules applicable to condemnation cases. Sand and gravel underlaying condemned land partakes of the nature of realty. Mineral deposits, when taken as part of the whole property condemned are proper to be taken into consideration in a determination of the whole value. Brazos River Conservation and Reclam. Dist. v. Costello, 169 S.W.2d 977, 988 (Eastland Civ.App., 1943, writ ref. w.o.m.). It is proper that evidence be heard and considered in eminent domain cases of the value of sand and/or gravel as it lies in its natural state in the ground. Reilly v. State, 382 S.W.2d 116 (San Antonio Civ. App., 1964, writ ref., n.r.e.).

■ In the letter of the trial judge, heretofore mentioned, it was indicated that the trial court assumed a value per cubic yard for the gravel in place and multiplied it by the number of cubic yards shown existent in the land of the Gilliam tract. But, as indicated, the remarks in the letter do not qualify as formal Findings of Fact and Conclusions of Law upon which points of error might be predicated. There was other evidence in the record from which the ultimate amounts awarded by the judgment were supported. Because thereof the point of complaint must be overruled. In part such evidence was bolstered by calculations of the nature of that complained of by witnesses upon the matter of value, but for an expert witness to do so and to be examined and cross-examined upon such calculations as an element in opinion evidence as to value of the realty upon which such had consequential effect is in our opinion procedurally proper.

■ In the testimony given by witnesses upon the matter of value of the Gilliam tract it was shown that there were three sales of sand and gravel in place in

the vicinity of the Gilliam tract in recent times. The sale of sand and gravel in place on the Burks and Whitehead tracts occurred in 1966, and the sale of such on the Durham at an earlier date. The price paid therefor was exclusive of the surface of the realty under which the sand and gravel was located. Additional evidence showed the relation of values and effect upon total value of realty having an underlying deposit of gravel. Such sales, as having the characteristics of comparable sales to be taken into consideration in evaluating the whole of the Gilliam tract (though sales were not of the whole of the Durham, Burks and Whitehead properties) were of course proper to be considered by an expert witness in arriving at an appraised value of the whole of the Gilliam tract. Being proper for the witness they would be proper for the fact finder's consideration as well.

■ In Bruner v. State, 391 S.W.2d 149, 155 (Fort Worth Civ.App., 1965, writ ref., n.r.e.) (certiorari denied 383 U.S. 945, 86 S.Ct. 1200, 16 L.Ed.2d 207), we said: "A discretion is lodged in the trial court relative to whether evidence tendered purporting to show sales of comparable property to that condemned shall or shall not be admitted. Chaney v. Coleman, 77 Tex. 100, 13 S.W. 850 (1890); City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808, 816 (1954); McCormick & Ray, Texas Law of Evidence, 2d Ed., p. 371, 'Similar Acts and Transactions', § 1524, 'Sales of Similar Property to Evidence Value', (1st Ed., p. 908, § 699); 118 A.L.R. 869 and 174 A.L.R. 386, Annotation: 'Admissibility on issue of value of real property of evidence of sale price of other real property'. In other words there is an area in which such character of evidence constitutes such that the judge presiding over the trial court has the final decision upon the question of whether the subject matter of the sale or sales does or does not qualify as similar property to that condemned. Within such area it is the trial court's exclusive discretion to rule upon whether the evidence tendered shall or shall not be admitted where an appellate court should not disturb the decision the trial court rendered regardless of whether the appellate judges believe it would have been proper to have ruled in a manner other than the trial court did rule. * * *" See 22 Tex. Jur.2d, p. 422, "Eminent Domain", § 300, "—Comparison with sales of other land in vicinity"; and Rayburn, Tex. Law of Condemnation, p. 382, Sec. 117, "Market Sales, Comparative Market Values". We believe that the same rule would have application to the situation in the instant case and that the evidence of which the Authority complains should be considered to have been properly admitted. Being properly before the trial court as fact finder it would of course be proper for the court to consider a mathematical formula to determine the value of the gravel in place on the Gilliam tract and to take such value into consideration along with the value of the land in other respects, the depreciation, if any, in the value of the surface occasioned pursuant to mining operations, etc., to arrive at an ultimate conclusion of correct value. Though related to personal injury damages, what we stated in the case of Continental Bus System, Inc. v. Toombs, 325 S. W.2d 153, 164 (Fort Worth Civ.App., 1959, writ ref., n.r.e.), would have application. We believe that action upon evidence of such character would be more likely to result in a just and proper allowance for property taken under proceedings in eminent domain than would be the case were a contrary rule adopted.

■ Relative to the contention that error resulted in that the trial court failed to consider differences in the value of gravel in the Gilliam tract and the value of the gravel in the Durham, Burks and Whitehead tracts,—and that the trial court erred in applying the wrong discount to the Durham, Burks and Whitehead sales, it is apparent that the Authority relies upon something stated in respect to one and something unstated in respect to the other in the text of the letter of the trial judge. The trial

judge may or may not, as of the time the judgment was signed, have considered matters theretofore mentioned to counsel in the case as reason for entry of judgment in contemplation. The text of the earlier letter would not have legal competence to so prove. So far as we know the same argument as made to this court on appeal could have been made to the trial judge in an effort to dissuade him from entry of the judgment upon his previously stated reasons. If the argument was made to him and if he was persuaded thereby he nevertheless rendered the court's final judgment for the same amounts indicated in his letter upon evidence other than that complained of. The judgment found support in any event upon a test made of the whole of the admissible evidence.

Judgment is affirmed.

LANGDON, J., not participating.