**STATE of Texas ex rel. CITY OF WICHITA FALLS, Appellant,**

v.

**J. T. WOOD et ux., Appellees.**

**No. 17223.**

Court of Civil Appeals of Texas, Fort Worth.

May 14, 1971.

Rehearing Denied June 11, 1971.

H. P. Hodge, Jr., City Atty., and Malcolm L. Hughes, Asst. City Atty., Wichita Falls, for appellant.

Gibson & Darden and Frank Gibson, Wichita Falls, for appellees.

OPINION

LANGDON, Justice.

This is a condemnation suit. It was initiated by the City of Wichita Falls and the State of Texas to acquire tracts of land consisting of approximately 17,000 square feet for use in connection with the Kell Freeway project. The landowner was J. T. Wood and his wife who operated a TV sales and appliance business on the property.

It was stipulated that the only question involved in the case was the amount to be awarded the property owners. The case was tried to a jury. The witnesses called by the parties to this suit testified that the market value of the land was $130,000.00, $120,000.00, $41,500.00, $40,000.00, and $82,500.00. The jury by its verdict found the value to be $73,000.00. Judgment based upon the jury verdict was rendered. The appeal based upon fifteen points of error is from such judgment.

We affirm.

■ The appellant's first seven points of error complain of the court's refusal to suppress evidence in the form of testimony as to loss or diminution of the appellees' business, good will, or profits, past and future, from appellees' business. The testimony complained of was the relationship of traffic and business, i. e., the more traffic the more business; a high traffic count and traffic stops will cut down on the advertising budget; appellees' quest for property to buy and move his business to by January 17; testimony of one witness, a competitor in the TV business, that appellees' location for TV sales and service was equal to his; Matthews' testimony as to his experience in operating and selling business property in Wichita Falls; and testimony that while traffic on a highway might benefit a motel it would not necessarily benefit a doctor or a commercial sales business.

The appellant has grouped the first seven points saying they all pertain to business and business profits and represent a plan on the part of the appellees to influence the minds of the jury. These are not viable complaints. For the most part the testimony complained of was elicited to qualify witnesses on market value of comparables or to show one or more of the elements constituting market value. None of the testimony complained of delved into business profits or loss, past or future. The court, in sustaining the objection on advertising, stated: "I will sustain that portion just to the last question, that dealt with the cost of advertising." We believe the instruction by the court to disregard such testimony referred to all references to such costs. It should be noted that there was no testimony as to costs in terms of money or the amount thereof. The cases cited by the appellant have no application to the facts of this case. None of the testimony complained of in the first seven points made any reference to business profits or expenses of advertising or any other items of expenses or income. The testimony was tied to the elements constituting value of property. In this connection see Rayburn's Texas Law of Condemnation, Sec. 122, p. 391; 22 Tex.Jur.2d 411, Sec. 293.

■ The action of the court in granting the first six items and overruling the seventh paragraph of the appellant's motion to suppress evidence cannot constitute reversible error. City of Wichita Falls v. Jones,

456 S.W.2d 148, 150 (Fort Worth Civ. App., 1970, no writ hist.).

The first seven points are overruled.

■ Appellant's eighth point of error complains of testimony which was elicited out of the presence of the jury and is overruled.

■ The cross-examination of the expert witness, Oswald, on the leasehold income of property, which he testified was comparable to the property being condemned, was not error. On direct examination he testified that in arriving at value of the property his method was to consider the cost, market and income approach. The latter approach he described as taking the projected income of a property and to capitalize same into a value. He testified on direct the property would rent for $4,560.00 per year.

It would be absurd to forbid cross-examination of the witness on a matter he testified to on direct as being one of the three elements upon which he based his opinion of value. The ninth point is overruled.

■ Appellant's tenth point complaining of the court's refusal to admit hearsay testimony on replacement costs of improvements on the subject property over the objection of the appellees was not error. The witness who originally furnished the information on replacement costs was later called as a witness and was available to appellant for all purposes. The point is overruled.

■ The eleventh point involves the action of the court in admitting into evidence an aerial photograph over the objection of the appellant. The photograph was used to locate the subject property and other properties testified to as being comparable. See 23 A.L.R.3d 825. The photograph was properly authenticated as one fairly representing the City of Wichita Falls, etc. It was scaled and classified as a commercial aerial photograph. City of Houston v. Fisher, 322 S.W.2d 297 (Texarkana Civ. App., 1959, no writ hist.). The point is overruled.

■ The appellant's twelfth point complains of the action of the court in overruling its objection to testimony concerning traffic flow and the flow of business where three freeways come together as such factors relate to the location of a restaurant. This testimony was elicited to emphasize the point that uses of property by different types of business demand different locations. We have previously referred to similar testimony concerning the requirements for location of a motel as being different from locating a TV or similar business. The same guideline for location of a motel is true of a restaurant which depends on the traveling public, according to the expert testimony in this record. This need for location on a busy freeway is contrasted to the location of a TV business which depends upon the travel of home folks between business and home. We find no error. The testimony was from a witness, qualified as an expert, relating to a sale of property for a restaurant. Much of the testimony of any expert witness will constitute opinions and conclusions. It was not error to overrule an objection based on such grounds. The point is overruled. 23 Tex.Jur.2d 609, Sec. 409; State v. Berger, 430 S.W.2d 557 (Waco Civ.App., 1968, ref., n. r. e.); McCormick & Ray, p. 256, Sec. 1422.

■ The appellant's thirteenth, fourteenth and fifteenth points of error complain of the action of the court in allowing the witness, Healy, to testify as to recent sales of land in the vicinity of the subject land. We overrule these three points and hold the testimony was properly admitted. The witness was qualified as an expert. He compared and distinguished the features involved in each of the comparable sales, most of which features were the same or similar. State v. Helvey, 375 S.W.2d 744 (Tyler Civ.App., 1964, no writ hist.).

■ At the time the witness Combs was asked on cross-examination about Arby's Roast Beef the latter had not been introduced into evidence as a comparable and

Combs stated it was not comparable. It was therefore proper for the court to sustain the objection to appellant's attempt to elicit the price of Arby's location. After appellees had introduced evidence showing Arby's as a comparable sale the appellant had the right to recall Combs to dispute, if he could, any facts concerning such sale. The appellant did not recall Combs and has no basis for complaint. The points are overruled.

Having considered and overruled all points the judgment of the trial court is affirmed.