**Grady Lee CRAPPS, Appellant,**

v.

**Nancy Margaret CRAPPS, Appellee.**

**No. 12478.**

Court of Civil Appeals of Texas, Austin.

Feb. 2, 1977.

Rehearing Denied March 9, 1977.

**910**

Daniel R. Rutherford, San Antonio, for appellant.

Earl S. Post (A Professional Corporation), San Antonio, for appellee.

## ON MOTION FOR REHEARING

SHANNON, Justice.

The opinion of this Court filed on December 22, 1976, is withdrawn, and the following opinion replaces it.

Appellee, Nancy Margaret Crapps, filed suit for divorce against appellant, Grady Lee Crapps, in the district court of Comal County. The parties were married in 1966 and they had one child, a girl, Tiffany Lee Crapps, born in 1970. After hearing in August, 1975, the court named appellant temporary conservator ". . . pending a final decree in this suit or until further order of this Court."

After trial on the merits, judgment was entered granting the divorce and dividing the property. In the judgment the court appointed *appellee* managing conservator of the child. The judgment further provided that appellant pay child support.

Appellant does not question those parts of the judgment ordering the divorce, fixing the child support payments, or dividing the property. By several points of error appellant does attack the part of the judgment appointing appellee managing conservator of the child.

By his first point appellant claims the court erred ". . . in failing to consider the qualifications of the respective parents without regard to the sex of the parent." Texas Family Code Ann. § 14.01(b) (1974) provides that in determining which parent to appoint as managing conservator, the court shall consider the qualifications of the respective parents without regard to the sex of the parent.

The basis for appellant's claim that the court disregarded § 14.01(b) is found in a comment by the court made after the close of the evidence. The statement was: "Obviously, the most important thing, I, do think, the child should be in the custody of the mother . . ."

■ The reviewing court must look to the district court's findings of fact and conclusions of law and to the judgment to determine the basis for the entry of the judgment. *Rutledge v. Valley Evening Monitor*, 289 S.W.2d 952 (Tex.Civ.App.1956, no writ). There are no findings of fact and conclusions of law. Nothing in the judgment suggests the court disregarded § 14.-01(b).

■ The court's comment is not a finding of fact and conclusion of law under Tex.R. Civ.P. 296, and, as a result, may not serve as a predicate for the assertion on appeal that the court disregarded § 14.01(b). See *Ramirez v. Milton Provision Co.*, 231 S.W.2d 547 (Tex.Civ.App.1950, no writ), *Brazos River Authority v. Gilliam*, 429 S.W.2d 949 (Tex.Civ.App.1968, writ ref'd n.r.e.).

■ Even though the court's comment be considered, that comment does not mean that the court failed to consider the qualifications of the respective parents without regard to the sex of the parent. The court made the comment after counsel had closed and argued the case. The comment served only to indicate that under the record it was the court's conclusion that appellee should be named managing conservator.

Appellant's second point is that the district court erred in appointing appellee managing conservator because there was no showing that the circumstances of the child or parent had changed since the time the court had appointed appellant temporary conservator.

Appellant's point hinges upon the premise that Tex. Family Code Ann. § 14.08 (1975) was applicable to the trial on the merits of this cause. Section 14.08 provides for modification of orders affecting the parent-child relationship. The proceeding to modify is initiated by the filing of a motion to modify in the court having jurisdiction of the suit affecting the parent-child relationship. At least thirty days' notice of the hearing on the motion to modify must be given the affected parties. Section 14.08(c)(1) provides that the court after a hearing may modify an order providing for managing conservatorship upon a showing that the circumstances of the child or parent have so materially and substantially changed since the entry of the order sought to be modified that the retention of the present managing conservator would be injurious to the child and that the appointment of the new managing conservator would be a positive improvement for the child.

Appellant then argues that appellee failed to allege and prove the circumstances of the child or parent had so materially and substantially changed since the entry of the order appointing him temporary conservator so that his retention as managing conservator would be injurious to the welfare of Tiffany Lee.

■ Section 14.08 contemplates modification of a final order pursuant to § 14.01 entered after a trial on the merits, and not a temporary order entered under § 11.11 during the pendency of the divorce proceeding as in this cause. For that reason there was no requirement of showing "changed circumstances" to modify the court's temporary order of conservatorship.

By a supplemental brief appellant asserts a third point of error. That point is, "The Court erred in violating the terms and provisions of Article 14.07, Texas Family Code, in that there is no evidence and insufficient evidence that the appointing of the appellee as permanent managing conservator would be in the best interest and welfare of the child and the Court's decision to appoint the mother, appellee, as permanent managing conservator was contrary to the greater weight and preponderance of the evidence."

■ Appellant does not support the third point of error by any argument and authority in the supplemental brief. In the initial brief there does appear general discussion and argument which we will consider to be in support of his third point of error so as to prevent waiver. See *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478 (1943).

■ As no findings of fact and conclusions of law were requested, and none were

filed, it is assumed on appeal that the court found every fact necessary to sustain the judgment, if such factual propositions were raised by the evidence, *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950), and the judgment will be affirmed on any legal theory that finds support in the evidence. *Bishop v. Bishop*, 359 S.W.2d 869 (Tex.1962).

■ The district court's judgment in determining the best interests of the child and in appointing the managing conservator in accordance with this determination should be reversed only when it appears from the record as a whole that the court has abused its discretion. *Herrera v. Herrera*, 409 S.W.2d 395 (Tex.1966).

■ Appellee testified that she had originally had Tiffany Lee with her in San Antonio. Appellant came to the door ". . . forced his way in and forced me into the other room and yelled for his niece to take the baby [Tiffany Lee] and run to the car."

Appellee testified that she was making her home with her brother in San Antonio. She vouched that she could take care of Tiffany Lee and that when she obtained employment her mother would be available to care for the child. She declared that she had tended to the health needs of the child. Appellee claimed further that the child's emotional development would be impaired if the child continued to live with appellant. As phrased by appellee, "They [appellant and a girl friend] are immoral [*sic*] living." Appellee's reference was to appellant's testimony that pending the divorce he was living in his mother's home with a woman whom he intended to marry ". . . as soon as everything is settled." Appellant claimed that this woman took "good care" of Tiffany Lee.

Appellant's evidence tended to show that appellee was a somewhat insouciant mother and housekeeper. In that connection, appellant's sister testified that the condition of the Crapps' house, when appellee was still the housekeeper, was one of "pure-de-filth." Even so, there was evidence to support the appointment of appellee as managing conservator of Tiffany Lee. Also, the appointment was not so contrary to the great weight and preponderance of the evidence so as to be manifestly unjust. It follows that the district court did not abuse its discretion in appointing appellee managing conservator.

The judgment is affirmed.

Affirmed on Motion for Rehearing.