The **STATE** of Texas, et al., Appellants,

v.

**Walter L. ANGERMAN, et al., Appellees.**

**No. 10–83–241–CV.**

Court of Appeals of Texas,
Waco.

Jan. 19, 1984.

Rehearing Denied Feb. 16, 1984.

W.C. Haley, Haley & Davis, Waco, for appellants.

Hilton H. Howell, Naman, Howell, Smith & Lee, P.C., Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellants, State of Texas and McLennan County, from judgment for appellees for $66,642.00 for the taking by appellants of 11.107 acres of appellees' land in a condemnation case.

Appellants condemned 11.107 acres of land out of a 61.2 acre tract belonging to appellees for highway purposes. Trial was to a jury which found the market value of the 11.107 acres to be $66,642.00 (or $6,000.00 per acre).

Appellants appeal on 7 points.

Point 1 asserts the trial court erred in admitting into evidence, over objection, testimony attempting to establish fair market value of the property taken, based on some quantity of gravel multiplied by the price or market value of the gravel.

Point 2 asserts the trial court erred in submitting the following instruction to the jury over appellants' objection: "You are instructed that gravel deposits, if any, present in the sub-surface of the land, are to be considered a part of the land, and you are not to consider that such deposits have any market value separate from the land. When considering and arriving at the amount of compensation to be paid to land-

owners, such deposits, if any, can only be considered to the extent that they add to, increase, or decrease or detract from the value of the land if they do".

Point 3 asserts the trial court erred in failing to submit the following instruction requested by appellants: "You are instructed that if there is evidence of the number of yards of gravel underlying the land, multiplied by a price per yard, and if you consider such evidence for any purpose, such evidence may be considered only in explanation of an expert witness' opinion but may not be considered as direct evidence of the value of the land in question".

Appellees' 61.2 acres and the 11.107 acres taken contained sub-surface gravel deposits. The real issue in the case was whether there was gravel underneath the land taken that is commercially feasible to mine, and whether the highest and best use of the land is to dig out and sell such gravel. Appellees employed Waco Drilling Company and Trinity Drilling to drill holes on the property to determine depth and thickness of gravel deposits, and had holes dug by a backhoe. The State had a set of holes drilled on the property. Appellants' witnesses testified the market value of the land taken was $1,000.00 and $1,200.00 per acre. Appellees' witness Gorham testified the market value of the land taken was $6,000.00 per acre, or more, and then testified as to computations of the amount of gravel in place under the land multiplied by 25¢ per ton; and that same amounted to $6,000.00 per acre; and that in his opinion the market value of land was $6,000.00 per acre at least; and that it could be worth $7,500.00 per acre; that $6,000.00 per acre was the minimum value of the land.

In condemnation cases the central issue is market value of the property taken, and the trial court is vested with substantial discretion in determining the admissibility of evidence which will aid the fact finder. *State v. Walker,* Tex., 441 S.W.2d 168.

An expert may testify as to the value of gravel as it lies in the natural state as a basis for his opinion of market value of the property. Sand and gravel underlying condemned land partakes of the nature of realty. Mineral deposits, when taken as part of the whole property condemned, are proper to be taken into consideration in a determination of the whole value. *Brazos River Conservation and Reclam. Dist. v. Costello,* Tex.Civ.App. (Eastland) Writ Ref. W.O.M., 169 S.W.2d 977; *Reilly v. State,* Tex.Civ.App. (San Antonio) N.R.E., 382 S.W.2d 116. An expert witness may testify and be examined and cross-examined upon his calculation as to amount and value of gravel in place under condemned realty as an element in opinion evidence as to the value of the realty upon which such had consequential effect. *Brazos River Authority v. Gilliam,* Tex.Civ.App. (Ft. Worth) N.R.E., 429 S.W.2d 949; *Coastal Industrial Water Auth. v. Trinity Portland Cement Div.,* Tex.Civ.App. (Houston 1) N.R.E., 523 S.W.2d 462.

The instruction given by the trial court is correct. We perceive no error in refusing appellants' requested instruction.

Points 1, 2 and 3 are overruled.

Point 4 asserts the trial court erred in admitting into evidence the Ender Estate sale as evidence of value because (1) it was a "kinfolks sale" and (2) it was a sale of improved land.

Appellee John Angerman testified that the 11.107 acres had a market value of $5,000.00 per acre at the time of taking; that his opinion was based on the value of the land with gravel in place; and that with no gravel in his opinion the value would be $3,600.00 per acre; that he based this on his familiarity with the sale of the Ender Estate property nearby. The Ender property was sold to one of the heirs by the other heirs to close out the Ender Estate. There is no showing that such sale was not free and voluntary or that such sale was not at market value. There was an old house on the Ender property which was valued at $1,000.00.

We think the trial court authorized to admit the evidence, but that in any event, if error, same is harmless. Rule 434 T.R.C.P.

Point 4 is overruled.

Points 5, 6 and 7 assert the trial court erred in finding the fair market value of the 11.107 acres was $6,000.00 per acre (total $66,642.00) because there was no evidence and factually insufficient evidence to support such finding; and that the verdict and judgment is grossly excessive.

The range of testimony as to value of the land taken was from $1,000.00 per acre to $10,000.00 or $12,000.00 per acre. We think the evidence ample to sustain the verdict, and that such is not against the great weight and preponderance of the evidence or excessive. *Urban Renewal Agency v. Trammel,* Tex., 407 S.W.2d 773; *In Re King Estate,* 150 Tex. 662, 244 S.W.2d 660; *State v. Dickson,* Tex.Civ.App. (Waco) N.R.E., 401 S.W.2d 361.

Points 5, 6 and 7 are overruled.

AFFIRMED.

THOMAS, J., not participating.